```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CR358 CDP |
| ) | (FRB) |
| ARLANDO QUARLES, ) | |
| ) | |
| Defendant. ) | |

**ORDER, MEMORANDUM,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). A hearing was held before the undersigned on all pending motions on November 8, 2012.

Defendant's Motions

1. Motion To Dismiss Or, In The Alternative, To Pursue The Affirmative Defense Of Entrapment (Docket No. 34)

In his motion the defendant claims the government solicited him to commit the crimes alleged in the indictment, and that he was not otherwise predisposed to commit the crimes charged against him.

Entrapment is an affirmative defense. In asserting such a defense the defendant has the burden of showing the he was induced to commit the offense through the conduct of government agents. United States v. Young, 613 F.3d 735, 746-47 (8th Cir. 2010). Inducement exists when the government implanted the

criminal design in the defendant's mind.  Id. at 747 (Internal quotes and citations omitted).  Once the defendant meets his burden of showing such government inducement the burden shifts to the government to demonstrate beyond a reasonable doubt that the defendant was predisposed to commit the crime.  The predisposition element focuses upon whether the defendant was an unwary innocent or, instead an unwary criminal who readily availed himself of the opportunity to perpetrate the crime.  Id. (Internal quotes and citations omitted).

"E"ntrapment is a question of fact and generally decided by a jury."  United States v. Young, 613 F.3d at 746; Matthews v. United States, 485 U.S. 58 (1988).  Most courts have avoided deciding entrapment issues on pretrial motions to dismiss.  United States v . Fadel, 844 F.2d 1425, 1430 (10th Cir. 1988).  "The reasons for such a preference are grounded in the fact that the defense of entrapment is intertwined with the issue of intent and is typically based upon credibility determinations, an area traditionally reserved for jury resolution."  Id.  A review of the defendant's motion and the government's response, all that is before the court at this time, readily shows that the case is replete with factual disputes with respect to both the "inducement" and "predisposition" aspect of the entrapment issues, making the issue inappropriate for pretrial resolution.

Likewise, because there are numerous factual disputes as alleged in the defendant's motion and the government's response thereto that it is impossible for the court to conclude at this time that the government's conduct in this case was so outrageous as to merit dismissal of the indictment at this time. See, United States v. Russell, 411 U.S. 423, 431-32 (1973); United States v. Berg, 178 F.3d 976, 979 (8th Cir. 1999).

## Conclusion

For all of the foregoing reasons the defendant's Motion should be denied insofar as it seeks dismissal of the indictment on grounds that the defendant was "entrapped" by the government.

2. Motion For (To Disclose) The True Identity Of Confidential Informant(s) (Docket No. 35)

In its written response to defendant's motion (Docket No. 38) the government states that it has provided to the defendant the information sought by him in this motion. The defendant so acknowledged at the hearing before the undersigned on November 8, 2012.

Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant's Motion To Dismiss Or, In The Alternative, To Pursue The Affirmative Defense Of Entrapment (Docket No. 34) be denied.

**IT IS HEREBY ORDERED that** defendant's Motion For (To Disclose) The True Identity Of Confidential Informant(s) (Docket No. 35) is denied.

The parties are advised that they have until **November 23, 2012,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
_____
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of November, 2012.